UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES MICHAEL WRIGHT,<br><br>Plaintiff,<br><br>v.<br><br>KYLE SLATER, et al.,<br><br>Defendants. | Case No. 3:24-CV-458-CCB |

**OPINION AND ORDER**

Plaintiff Charles Wright sued the St. Joseph County Police Department and several of its officers, alleging violations of his constitutional rights under 42 U.S.C. § 1983. The Court now rules on Defendants' motion for summary judgment.

BACKGROUND

This case arises from an arrest and searches related to a St. Joseph County Police Department ("Police Department") investigation of Plaintiff Charles Wright in connection with a burglary. On March 4, 2024, the Police Department received a 911 report that an individual had been robbed by two men. (ECF 84 ¶ 1). The victim reported that the two men left the scene of the robbery in a maroon vehicle. (*Id.* ¶ 3). Officers patrolling the area saw a matching vehicle with two men inside, and initiated a traffic stop. (*Id.* ¶ 4). The driver of the vehicle was arrested. (*Id.* ¶ 5). However, during the arrest of the driver, the other occupant exited the vehicle and escaped over a nearby fence. (*Id.* ¶ 6). A day later, officers received an anonymous tip that the other occupant was Plaintiff James Wright. (*Id.* ¶ 7). The tipster stated that Mr. Wright was the ex-

brother-in-law of the arrested suspect who was driving the car and provided a photograph. (*Id.* ¶ 9). In a photo array, the victim stated that he was 75–80% sure that the second suspect was Mr. Wright. (*Id.* 10). After interviewing relatives of Mr. Wright, officers obtained an address for Mr. Wright at 56585 Island Avenue in Osceola, Indiana ("Island Avenue address"). (*Id.* ¶ 17). Mr. Wright's brother, Dustin Ellis, informed the officers that Mr. Wright had recently left in Mr. Ellis' red Dodge pickup truck. (*Id.* ¶ 18). Later, officers went to the Island Avenue address and noticed a red Dodge pickup leaving the address, driven by Mr. Wright. (*Id.* ¶ 19). Corporal Bierly initiated a stop, but Mr. Wright initially failed to respond. (ECF 82-6 ¶ 9). After Corporal Bierly radioed for assistance, Corporal Szuba intercepted and deployed a Stop-Stick device in front of the truck. (*Id.* ¶ 12). Mr. Wright came to a stop, and began speaking through the driver-side window. (*Id.* ¶ 14). Corporal Szuba then drew his pistol and aimed it in the direction of the vehicle, ordering Mr. Wright to park and shut off the vehicle. (*Id.* ¶ 16). Mr. Wight complied. (*Id.* ¶ 17). There were also a female passenger, a child, and dog in the vehicle, which Corporal Szuba instructed to exit one-by-one, with Mr. Wright exiting last. (*Id.* ¶¶ 17–24). The other officers then arrested Mr. Wright, with Officer Bierly aiming his firearm at Mr. Wright until he was in custody. (ECF 84 ¶ 34). Officers subsequently obtained a warrant and conducted a search of the Island Avenue address, where they seized various documents and belongings of Mr. Wright's, and noted the existence of surveillance equipment. (*Id.* ¶¶ 40–42). After obtaining an amended warrant, the officers also seized a computer belonging to Mr. Wright that they suspected contained surveillance footage. (*Id.* ¶ 44). Officers then received consent from

Mr. Ellis to search his truck, in which they found a phone. (*Id.* ¶¶ 51–52). Both the computer and the phone were later returned to Mr. Wright's significant other. (*Id.* ¶ 53). Plaintiff, acting pro se, initiated a Section 1983 lawsuit against the Police Department and several of its officers ("Officers"), alleging excessive use of force and unconstitutional seizures in violation of his Fourth and Fourteenth Amendment Rights. (ECF 34). [1] Defendants have moved for summary judgment. (ECF 82).

## ANALYSIS

### A. Excessive Force

Mr. Wright claims that the Officers used excessive force in violation of the Fourth and Fourteenth Amendments. A violation of the Fourth Amendment through excessive force occurs when an officer uses greater force than was reasonably necessary. *Becker v. Elfreich*, 821 F.3d 920, 925 (7th Cir. 2016). Mr. Wright claims that he behaved in an orderly manner and complied with the Officers' requests, thus making it excessive to use a firearm to effectuate the arrest. (ECF 34 at 4–5). However, the analysis of whether force was excessive does not look to its reasonableness "with the 20/20 vision of hindsight," but from the "perspective of a reasonable officer on the scene." *Graham v. Connor*, 490 U.S. 386, 396 (1989). To evaluate reasonableness in this context, courts look to the severity of the crime at issue, the immediate threat the suspect posed to the safety

[1] Plaintiff also alleges violations of Fifth Amendment due process and the Ninth Amendment. But the Fifth Amendment due process clause applies only to the federal government, not states or municipal actors. *See Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 213 (1995). And the Ninth Amendment does not create independent federally enforceable substantive rights, but rather provides a rule of interpretation for the Bill of Rights. *See Froehlich v. Wisconsin, Dep't of Corr.*, 196 F.3d 800, 801 (7th Cir. 1999). Plaintiff's actionable claims are encompassed solely by the Fourth and Fourteenth Amendments.

of the police officers and others, and if the suspect actively resisted or attempted to evade arrest by flight. *Id.* at 396. In addition, courts consider "whether the individual was under arrest or suspected of committing a crime; whether the individual was armed; and whether the person was interfering or attempting to interfere with the officer's duties." *Dawson v. Brown*, 803 F.3d 829, 833 (7th Cir. 2015).

Here, there are several undisputed facts that make the Officers' intercept with firearms reasonable. Mr. Wright had been convicted of a felony and was a suspect in an ongoing armed burglary investigation. (*Id.* ¶¶ 7, 43). He was suspected of having fled from a traffic stop two days earlier. (*Id.* ¶ 62). And even in the interaction here, he had not immediately complied with the traffic stop but had pulled onto a different street, stopping only after an officer threw a stop stick in front of the vehicle. (ECF 84 ¶¶ 19–22). Moreover, Mr. Wright was driving a large pickup truck that easily could have been used with deadly force. *See Scott v. Edinburg*, 346 F.3d 752, 757 (7th Cir. 2003) ("an automobile may be used as a deadly weapon"). Mr. Wright fails to show that it would be unreasonable for an officer to draw his weapon in this case. *See Smith v. Finkley*, 10 F.4th 725, 736 (7th Cir. 2021) (evading arrest can justify use of force); *Schnese v. Cnty. of Forest*, No. 19-C-1385, 2021 WL 3711035, at *10 (E.D. Wis. Aug. 20, 2021) (prior history of violence); *Padula v. Leimbach*, 656 F.3d 595, 603 (7th Cir. 2011) (noncompliance with officer orders). The Officers' use of firearms to effectuate Mr. Wright's compliance was reasonable under the circumstances. *See Graham*, 490 U.S. at 396. Moreover, the Seventh Circuit has suggested in dicta that "the action of a police officer in pointing a gun at a person is not, in and of itself, actionable . . . . Where the officer merely points a gun at a

suspect in the course of arresting him, the suspect would have no basis for claiming that he had been seized with excessive force in violation of the constitution." *McDonald by McDonald v. Haskins*, 966 F.2d 292, 294 (7th Cir. 1992).

**B. Searches and Seizures**

Mr. Wright also argues that the search of the Island Avenue address and seizure of various pieces of personal property were unconstitutional. The Court addresses each argument in turn.

**1. The Warrant**

Mr. Wright objects to the issuance of the warrant to search the Island Avenue address, claiming that it was overbroad. In order to be constitutionally specific, a warrant must contain a particularized "description of the place to be searched and the persons or things to be seized." *United States v. Jones*, 54 F.3d 1285, 1289 (7th Cir. 1995). Here, the warrant contained a specific search address and an enumeration of objects and evidence that were explicitly connected to ongoing investigations. (ECF 82-9). There is no basis for a Fourth Amendment overbreadth challenge against the warrant.

**2. Violation of Warrant Scope**

Mr. Wright also argues that, even if the warrant to search his residence was properly issued, the police did not properly follow the terms of the warrant because they seized a gaming PC, which was not among the evidence enumerated in the warrant. (ECF 89 at 5). But not only did the warrant provide authorization to search for a "Surveillance DVR hard drive," it also listed any "surveillance recordings" on any format or medium. (ECF 82-9). Video files can be located on almost any type of

computer with sufficient storage capability—including a gaming PC. Additionally, a hard drive for DVR files (a "Surveillance DVR hard drive") could easily be connected to or contained within a gaming PC, much as any other hard drive could be. Mr. Wright argues that a "high-end gaming PC" is "very easily distinguishable" from a DVR. (ECF 89). But a gaming PC, for purposes of digital storage, is no different than any other computer. The fact that it may be marketed or optimized for gaming does not prevent it from being used for other purposes as well, and does not isolate it from searches that target those other purposes. *See Archer v. Chisholm*, 870 F.3d 603, 617 (7th Cir. 2017) ("Digital records could be stored on devices such as thumb drives, hard drives, or CDs, which could be almost anywhere in the house. Thus, the officers were authorized to look in any of those places").

**3. Search of Truck and Seizure of Phone**

Finally, Mr. Wright argues that he did not consent to the seizure of his phone, that it was not subject to a search warrant, and that the search of the truck was "overbroad" and unreasonable. (ECF 89 at 6). Here, it is undisputed that the truck's owner, Mr. Ellis, gave broad consent to have the truck searched, including "any merchandise, personal property, or items that may be involved in the investigation they are conducting." (ECF 84 at 8; 82-13 at 1). Under the Fourth Amendment, no warrant is required when a search falls within the scope of consent. *United States v. Parker*, 469 F.3d 1074, 1077 (7th Cir. 2006). Given that Mr. Wright had been using the truck and was suspected of coordinating a burglary, it was reasonable for the police to believe that the phone contained evidence relevant to the investigation. *See, e.g.*, *Rodriguez v. United*

*States*, 286 F.3d 972, 976 (7th Cir. 2002); *United States v. Robinson*, No. 23-CR-212-JPS-JPS, 2024 WL 2862111, at *5 (E.D. Wis. June 6, 2024). Mr. Wright's argument fails.

### C. *Monell* Liability

There was no underlying violation of Mr. Wright's constitutional rights by the Officers, and so any *Monell* claims against the St. Joseph County Police Department necessarily fail as well. *See Sullenger v. City of Springfield, Ill.*, 630 F.3d 499, 504-05 (7th Cir. 2010).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion for summary judgment. (ECF 82). The case is **DISMISSED**, with prejudice. The clerk is **ORDERED** to close the case.

SO ORDERED on September 17, 2026.

*/s/ Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT